UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| PRECISION FRANCHISING LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-1299 (RDA/IDD) |
| | ) | |
| ONE WAY AUTO SERVICES LLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Precision Franchising LLC's ("PFL" or "Plaintiff") Motion for Default Judgment ("Motion") against Defendant Abdel Sheriff ("Sheriff") pursuant to Federal Rule of Civil Procedure 55(b). Dkt. No. 20. This Motion follows Plaintiff's Motion for Default Judgement against Defendants One Way Auto Services, LLC ("OWAS") and Caleb Mitchell. Upon consideration of the Complaint, Plaintiff's Motions for Default Judgment, the supporting documentation thereto, and Plaintiff's Supplemental Brief, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED**.

## I.   INTRODUCTION

On November 16, 2022, Plaintiff filed its Complaint against OWAS, Mitchell, and Sheriff (collectively, "Defendants"). Dkt. No. 1. Plaintiff brought three counts for breach of contract relating to the parties' Franchise Agreement ("FA"): (1) Underreporting Sales and Underpaying Contractually Required Fees; (2) Failure to Make Required Marketing Expenditures; and (3) Abandonment. *Id*. Plaintiff seeks entry of judgment in its favor and monetary damages in the

amount of $96.980.27. Dkt. Nos. 1 at 10, 16 at 1.

## A.  Jurisdiction and Venue

For a court to render a default judgement against a party, it must have (1) subject matter jurisdiction, (2) personal jurisdiction, and (3) be the appropriate venue for the action.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states—Plaintiff is a Virginia LLC with its principal place of business in Virginia, and Sheriff is a Florida resident—and the amount in controversy exceeds $75,000.00. Comp. ¶¶ 3-5.

This Court has personal jurisdiction over Sheriff pursuant to the Franchise Agreement, which states that "[OWAS] hereby irrevocably submits to the jurisdiction of the state and the federal district courts in the county or judicial district in which the [Plaintiff's] principal place of business is located. [OWAS] hereby waives all questions of personal jurisdiction for the purpose of carrying out this provision." Comp. ¶8, Ex. A ¶ 26.1. Therefore, this Court has jurisdiction over the matter. Because Sheriff is subject to personal jurisdiction here, he is "deemed to reside" in this judicial district. *See* 28 U.S.C. § 1391(c)(2). Thus, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## B. Service of Process

The Court must be satisfied that the defaulting party has been properly served. Pursuant to Federal Rule of Civil Procedure 4(e)(2)(B) individuals "may be served in a judicial district of the United States by . . . leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." On December 2, 2022, Plaintiff, through a process server, served Sheriff by delivering a copy of the complaint and summons to 14318 Sunbridge Circle, Winter Garden, Florida 34787 and leaving it with Sherisa Sheriff, who is 43 years of age and a co-resident and spouse of Sheriff. Dkt. No. 9. By

2

delivering a copy of the complaint and summons to Sheriff's usual place of abode with someone who resides there and is of suitable age and discretion, Plaintiff properly served Sheriff.

### C. Grounds for Default

Plaintiff filed its Complaint on November 16, 2022. Dkt. No. 1. Plaintiff properly served Sheriff on December 2, 2022. Dkt. No. 9. Plaintiff filed a Request for Entry of Default against Sheriff, with the Clerk of Court, on January 9, 2022. The Clerk entered default on January 10, 2022. Dkt. No. 18, 19. Plaintiff filed a Motion for Default Judgement on February 3, 2023. Dkt. No. 20. Plaintiff waived oral argument in the Motion. Dkt. No. 22. After Sheriff failed to respond to the complaint and the Motion for Default Judgement, or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### II. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998). A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must

evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.  FACTUAL FINDINGS AND ANALYSIS

The undersigned Magistrate Judge makes the following findings based on the Complaint; the Motions for Default Judgment and memoranda in support thereof; and the Declaration by Robert Falconi, President and CEO of PFL.

Plaintiff seeks to recover on a breach of contract claim under the Complaint. Under Virginia law, to establish an action for a breach of contract, the plaintiff must demonstrate: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of the obligation; and (3) an injury or harm to the plaintiff caused by the defendant's breach." *Va. Elec. & Power Co. v. Bransen Energy, Inc*. 850 F.3d 645, 655 (4th Cir. 2017) (citing to *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338 (2016)). A plaintiff must prove these damages with reasonable certainty. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (2009). Contingent, speculative, and uncertain damages are not recoverable. *Id*.

Here, the undersigned finds that Plaintiff has sufficiently established that Sheriff breached his Contract with Plaintiff. First, the agreements referenced in the Complaint—the FA and the Guaranty Agreement ("GA")—coupled with Sheriff's acceptance of its terms, constitute legally enforceable obligations of the parties. Dkt. Nos. 1, 16. The FA provided that in exchange for Sheriff's right to

4

operate a Precision Tune Auto Care franchise, he would adhere to the recordkeeping, reporting, payment, and other terms within the FA. Dkt. Nos. 1, 1-1, 16. The GA provided that Sheriff, as well as Defendant Caleb Mitchell, individually agreed to personally guarantee OWAS's obligations under the FA. Dkt. Nos. 1, 1-2, 1-3. Therefore, the undersigned finds legally enforceable obligations between the parties. For the reasons set forth below, the undersigned finds that Plaintiff has established three counts of breach of contract under the parties' FA and GA.

**Count One: Underreporting Sales and Underpaying Contractually Required Fees**

Under the FA, Sheriff agreed to accurately report gross sales to Plaintiff each week. Dkt. Nos. 1, 16. Sheriff was required to pay Plaintiff a weekly operating fee equal to 7.5% of weekly gross sales and a weekly advertising fee equal to 9% of weekly gross sales, which includes a weekly contribution to Plaintiff's national advertising fund equal to 1.5% of gross sales. Dkt. Nos. 1, 16. Sheriff breached these obligations by underreporting weekly gross sales to plaintiff and, consequently, paying less than the required percentages of gross sales for operating and advertising fees. Dkt. Nos. 1, 16. Plaintiff hired a third-party auditor to conduct an audit of Sheriff's franchised business in or around August 2022. Dkt. Nos. 1, 16. The auditor reviewed sales reports, parts' costs, and bank records and spoke with an employee of Sheriff's business. Dkt. Nos. 1, 16. The audit revealed that Defendants failed to report at least $419,407.59 in gross sales to Plaintiffs.  Dkt. No. 16. Consequently, Defendants failed to pay to Plaintiff operating fees in the amount of $31,455.57 and advertising fees in the amount of $6,291.11. Dkt. No. 16. Sheriff, therefore, breached his obligations to Plaintiff by failing to accurately report their weekly gross sales and consequently failing to pay the required operating and advertising fees. Based on the results of the third-party audit, Plaintiff suffered harm in the amount of $37,746.68 from this breach and has proved these damages with reasonable certainty. Dkt. No. 16.

For the above-stated reasons, the undersigned finds that Plaintiff has a valid breach of contract

claim for the underreporting of gross sales and failure to pay required fees.

### Count Two: Failure to Make Required Marketing Expenditures

The FA also required Sheriff to make weekly advertising expenditures equal to 9% of their weekly gross sales. Dkt. Nos. 1, 16. The required weekly expenditures included 1.5% of weekly gross sales to be contributed to Plaintiff's national advertising fund. Dkt. Nos. 1, 16. This meant that Defendants were required to spend the other 7.5% of weekly advertising expenditures on "local advertising and promotion." Dkt. Nos. 1, 16. Based on the third-party audit in August 2022, Plaintiffs estimate that Defendants spent no more than 3.5% of gross sales on advertising, resulting in a deficiency of $25,633.59. Dkt. No. 16. Sheriff, therefore, breached his contractual obligation to make the required advertising expenditures, and Plaintiff sustained damages from the loss of the "goodwill and brand awareness" that would have resulted from such expenditures. Dkt. Nos. 1, 16. Based on the August 2022 audit, Plaintiff has proved the damages of $25,633.59 with reasonable certainty. Therefore, the undersigned finds that Plaintiff has a valid breach of contract claim with respect to the failure to make required advertising expenditures.

### Count Three: Abandonment

Finally, under the FA, Sheriff is in default if Defendants ceased operations or abandoned the business, without Plaintiff's written consent, prior to the end of the franchise term on July 1, 2025. Dkt. Nos. 1, 16. Sheriff breached this obligation by ceasing operations of the franchised business around mid-October, 2022, without Plaintiff's written consent. Dkt. Nos. 1, 16. Plaintiff suffered damages from the abandonment of the business in the loss of future profits. Dkt. Nos. 1, 16. Based on OWAS's average weekly royalty payment to Plaintiff, multiplied by the number of weeks remaining on the franchise term, and a 20% present value discount, Plaintiff has alleged, with reasonable certainty, injury in the form of loss profits, totaling $33,600.00, due to the abandonment of the business. Dkt. No. 16. Therefore, the undersigned finds that Plaintiff has a valid breach of

contract claim with respect to the abandonment of the franchised business.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiff PFL against Defendant Abdel Sheriff. Plaintiff is entitled to economic damages in the amount of $37,746.68 for Count One; $25,633.59 for Count Two; and $33,600.00 for Count Three. In sum, Plaintiff is entitled to economic damages for a total amount of $96,980.27.

## **NOTICE**

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

September 8, 2023                                             /s/ Ivan D. Davis
Alexandria, Virginia                                     Ivan D. Davis
                                                         United States Magistrate Judge